IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                 Criminal Action No.

  v.

                 1:19--CR-418 (NAM)

TASHAN COOK,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SENTENCING MEMORANDUM OF THE UNITED STATES

**I.**  **INTRODUCTION**

On December 18, 2019 the defendant pled guilty with Plea Agreement to a one-count Indictment, charging that on or about July 11, 2019, in Schenectady County, in the State and Northern District of New York, the defendant did knowingly possess in and affecting commerce a Charter Arms, .38 caliber revolver, with defaced serial number, then being subject to a domestic order of protection prohibiting his possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).  The defendant also admitted the forfeiture allegation contained in the indictment.

The charge that the Defendant pled guilty to and the offense conduct are set forth in the PSIR.  PSIR, pp. 3-6, ¶1-16.

This Memorandum addresses the Pre-Sentence Investigation Report (PSIR) and any objections or arguments relating to sentencing made by the Defendant to date.  Sentencing in this matter had been scheduled for April 20, 2020 in Syracuse, NY.  It is anticipated that sentencing will be adjourned to a later date, by video appearance.

## II.     PRE-SENTENCE INVESTIGATION REPORT

### A.     Factual Findings

The United States adopts the facts set forth in the PSIR submitted by the United States Probation Office on April 3, 2020.

### B.     Calculation of the Sentencing Guidelines Range

The United States adopts the offense level computations, the criminal history score, and the resulting Sentencing Guidelines range set forth in the PSIR dated April 3, 2020.

## III.    GOVERNMENT'S RECOMMENDATION

The offense level computation, the scoring of the guidelines and the defendant's Criminal History Computation as scored by Probation are set forth in the PSIR.   PSIR, pp. 7-12, ¶ 20-46. Probation scored that the Base Offense Level is 18, pre-plea, with an initial Base Offense Level (BOL) of 14 under U.S.S.G. § 2K2.1(a)(6) and additional 4-level enhancement under 2K2.1(b)(4)(B)(4) for defaced/obliterated serial number.   PSIR, p. 7, ¶ 21-26.

As noted in the PSIR, upon plea and with Acceptance of Responsibility, the AOL is 15. PSIR, p. 7, ¶ 28-30.   USPO has scored that the defendant's Criminal History Category (CH) is III.   PSIR, p. 11, ¶ 41.   With AOL (post-plea) of 15 and CH III, the Guidelines Range (GR) is 24-30 months.   PSIR, p. 14, ¶ 62.

Regarding 3553(a) factors and criminal history related to the CH III category, the defendant was adjudicated YO in 2006 in connection with a Petit Larceny guilty plea upon which he was sentenced to 3 years probation.   Of note, his probation was violated in 2008 and he was re-sentenced to 45 days jail.   PSIR, p. 8, ¶ 34.   In 2016, the defendant was convicted of Criminal

Mischief 4th Degree and received a Time Served sentence.  PSIR, p. 8, ¶ 35.  That offense/conviction is scored one (1) criminal history point pursuant to USSG 4A1.1(c).

In 2016, the defendant pled guilty to Harassment 2nd (violation) and was sentenced to Time Served and a fine.  Though the offense/conviction does not score under the guidelines, the government submits that the underlying facts can be considered by the Court in regards to 3553(a) sentencing factors.  As set forth in the PSIR, the defendant engaged in a verbal argument with the victim.  During that argument, he grabbed a knife and cut through the victim's clothing while holding her down.  The defendant threw a chair into a television and took the victim's bank card and left the house.  The victim was later issued an order of protection.  PSIR, p. 9, ¶ 36.

In 2016, the defendant was convicted of Menacing 2nd Degree and was sentenced to 3 years probation.  Of note, the probation sentence was later violated and the defendant was re-sentenced to Time Served.  As set forth in the PSIR, the defendant menaced another person with a gun.  The offense/conviction is scored one (1) criminal history point pursuant to USSG 4A1.1(c). PSIR, p. 9, ¶ 37.

In 2016, the defendant was convicted of Criminal Contempt Second Degree and was sentenced to 3 years probation, with order of protection issued.  The victim was the same person as the Harassment set forth above.  As set forth in the PSIR, the victim was pregnant with the defendant's twin children.  The defendant threatened to hurt the victim and the unborn children. The defendant shoved the victim in the stomach and threw her glasses across the room.  The OOP that is the subject of the present offense prohibiting the defendant from being able to lawfully possess firearms and/or ammunition, was issued in conjunction with that offense.  PSIR, p. 9-10, ¶ 38.

The defendant is presently charged in Schenectady with Arson 2nd, with no disposition having yet occurred. PSIR, p. 12, ¶ 45. While the government recognizes that any sentence imposed is within the Court's discretion, as reflected in the Plea Agreement and noted during the plea allocution, the Government does not oppose the NDNY sentence being imposed to run concurrent to the arson-related Schenectady charge.

Two additional criminal history points were added/scored, as the defendant committed the instant NDNY firearms offense while on probation in Schenectady County for the Menacing 2nd and out of Albany County for the Criminal Contempt 2nd. PSIR, p. 10-11, ¶ 39-41. Accordingly, the defendant is CH III.

The government asserts that USPO's scoring of the defendant's initial BOL as 18, with AOL of 15, is proper. PSIR, p. 7, ¶ 2-30. With CH III, the defendant's GR is 24-30 months. PSIR, p. 14, ¶ 62. The Government's recommendation is that the Court impose a sentence within the 24-30 months GR, with 3 years SR, and $100 SA.

Dated:    April 13, 2020

                                            Respectfully submitted,

                                            Grant C. Jaquith
                                            United States Attorney
                     By:    /S/
                                            Robert A. Sharpe
                                            Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document on April 13, 2020.  Email notification was sent to the defendant's attorney, Lee C. Kindlon, Esq.

                                /S/
                              Robert A. Sharpe
                              Assistant U.S. Attorney