UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**UNITED STATES of AMERICA,**
**Plaintiff**

**SENTENCING MEMORANDUM**

v.

1:19-CR-418 (NAM)

**TASHAN COOK**,
**Defendant**

---

### BACKGROUND OF THE CASE

Tashan Cook was indicted in the United States District Court for the Northern District of New York and on December 18, 2019, pursuant to a negotiated plea agreement, pled guilty to Possession of firearms by a prohibited person, in violation of 18 USC §§ 922(g)(8) and 924(a)(2).

### GUIDELINES SENTENCE

Although the Sentencing Guidelines are no longer mandatory, the Court is required to consider them before imposing sentence. However, in *Gall v. United States*, 128 S. Ct. 586 (2007), the United States Supreme Court held that there is no presumption of reasonableness, and the court must consider the Guidelines, but also consider all the factors in 18 USC 3553(a) before imposing sentence. In *United States v. Cavera*, 550 F.3d 180, 189, the Second Circuit stated:

> "It is now ... emphatically clear that the Guidelines are guidelines - that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors..."

### DOWNWARD ADJUSTMENT

It is respectfully submitted that the defendant receive the full benefit from his plea

and acceptance of Responsibility. The Plea Agreement contains non-binding stipulations for both a 2-level downward adjustment and a 1-level downward adjustment.

Accordingly, it is submitted that the proper offense level is 15, with a Criminal History Category of III, resulting in a guidelines sentence of 24-30 months.

**FACTORS UNDER 18 USC 3553(a)**

Section 3553(a) directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing range established by the guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Section 3553(a) also requires courts to "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph 2." (Emphasis added).

**Nature and Circumstances of the Offense/ History and Characteristics of the Defendant**

Tashan Cook is 32 years old and was born in Niskayuna, New York to Heather

Scott and Sam Cook. He has lived in Schenectady, New York, his entire life. Mr. Cook has a son, Jayden, with whom he is very close.

He has had steady employment for a number of years and hopes to return to work upon his release.

**To Afford Adequate Deterrence to Criminal Conduct.**

It is submitted that based on all the factors discussed herein, a sentence lower than the guidelines range is adequate to deter any future criminal conduct.

**To Protect the Public from Further Crimes of the Defendant.**

Tashan Cook, now 32 years old, has matured and realizes that his prior mistakes were self-destructive and damaging in many ways. It is submitted that a sentence shorter than the guidelines range would be sufficient to protect the public.

**To Provide the Defendant with Needed Educational or Vocational Training, Medical Care or other Correctional Treatment in the Most Effective Manner.**

This factor is not relevant.

**The Kinds of Sentences Available.**

*Booker*, *Gall* and *Kimbrough* show that almost any sentence is available, but the question is what sentence is *reasonable*. Based on his family situation and the other factors discussed herein, it is submitted that the Court should sentence Mr. Cook to less than the guidelines range.

**The Sentencing Range Established by the Guidelines.**

As discussed above, according to the PSR the guidelines range is 24-30 months. It is submitted that a sentence below the guideline range would be appropriate.

**Any Pertinent Policy Statements Issued by the Sentencing Commission.**

This factor is not relevant.

**The Need to Avoid Unwanted Sentencing Disparities Among Defendants with Similar Records Who have been Found Guilty of Similar Conduct.**

This factor is not relevant.

**The Need to Provide Restitution to any Victims of the Offense**

This factor is not relevant.

**CONCLUSION**

Based on the foregoing, and other factors the Court may consider, it is submitted that this Court sentence the defendant to a period of incarceration less than the guideline range of 24-30 months.

Dated: June 16, 2020.

Respectfully submitted,
THE KINDLON LAW FIRM, PLLC.

By: <u>Lee C. Kindlon</u>
Lee C. Kindlon
Bar Roll No. 511642
*Attorney for Tashan Cook*
52 James Street
Albany, New York  12207
Telephone: (518) 434-1493
Fax: (518) 935-9336
E-mail: LKindlon@Kindlon.com

cc:   AUSA Sharpe